UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>B. STAMER, et al.,<br><br>Defendants. | No. 2:23-cv-2274 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's application to proceed in forma pauperis. (ECF No. 4.) For the reasons stated herein, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

Discussion

*In Forma Pauperis Statute*

    The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action … [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

1

> in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 534 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

*Has Plaintiff Accrued Three Strikes?*

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges have previously found that plaintiff has accrued three strikes. See Maldonado v. California Department of Corrections, 2023 WL 3438171 (E.D. Cal. Apr. 4, 2023), findings and recommendations adopted 2023 WL 3439386 (E.D. Cal. May 12, 2023); Maldonado v. Kebler, 2022 WL 2015286 (E.D. Cal. June 6, 2022), findings and recommendations adopted 2022 WL 2918432 (E.D. Cal. July 25, 2022).

Plaintiff's prior strikes include the following cases: (1) Maldonado v. Yates, et al., 1:11-cv-01735 LJO GSA (E.D. Cal. Jun. 13, 2013) (dismissed for failure to state a claim upon which relief may be granted); (2) Maldonado v. Trimble, et al., 1:11-cv-02160 LJO DLB (E.D. Cal. Apr. 19, 2013) (dismissed for failure to state a claim upon which relief may be granted); (3) Maldonado v. Yates, 1:11-cv-01885 AWI JLT (E.D. Cal. June 17, 2014) (dismissed for failure to

////

state a claim upon which relief may be granted).[1] These strikes all occurred before plaintiff initiated the instant action on October 9, 2023.

*Does Plaintiff Meet the Imminent Danger Exception?*

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden, under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies" where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's allegations are difficult to understand. For this reason, the undersigned refers to the summary of plaintiff's claims in the first level response to administrative grievance no. 000000336122 attached to the complaint. The allegations in the complaint appear to be consistent with the claims made by plaintiff in administrative grievance no. 0000000336122. The first level response to administrative grievance no. 000000336122, dated January 23, 2023, states that plaintiff alleged that he submitted a GA-22 form to B. Stamer, PSCE teacher, requesting assignment to independent study with a university. (ECF No. 1 at 19.) Plaintiff alleged that B. Stamer never responded to the GA-22 form. (Id.) In the grievance, plaintiff also requested removal from the Education Assignment due to health issues. (Id.)

---

[1] The undersigned takes judicial of the cases cited above and plaintiff's filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (a court may take judicial notice of its own records and the records of other courts).

3

The summary of plaintiff's claims in the first level response to administrative grievance no. 000000336122 does not demonstrate that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Plaintiff's claim that B. Stamer failed to respond to the GA-22 form requesting assignment to independent study does not demonstrate that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Plaintiff's request for removal from the Education Assignment due to "health issues" also does not demonstrate that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. The undersigned observes that the first and second level responses to plaintiff's grievance do not directly address plaintiff's request for removal from the Education Assignment due to health issues. The responses advise plaintiff to submit a request for removal from the Education Assignment to his counselor. (ECF No. 1 at 17, 20.)

In the complaint, plaintiff also alleges that he requested to be removed from Education "for medical and mental health disabilities." (ECF No. 1 at 8.) These allegations also fail to demonstrate that plaintiff was under imminent threat of serious physical injury at the time he filed this action. The complaint does not describe plaintiff's medical or mental health disabilities or otherwise demonstrate that, at the time plaintiff filed the complaint, he was under imminent threat of serious physical injury if he was not removed from Education.

Accordingly, for the reasons discussed above, the undersigned finds that plaintiff does not meet the imminent danger exception to 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2023

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mald2274.ifp